James D. SCHNELLER, heirs and beneficiaries of Marjorie C. Schneller, by James D. SCHNELLER, Trustee Ad Litem; Estate of Marjorie Schneller,

v.

FOX SUBACUTE AT CLARA BURKE; Gary Drizin, M.D.; Debbie McCoy, R.N.; T. Sergeant Pepper; Hepburn, Wilcox, Hamilton & Putnam LLP; Pennsylvania Department of Aging, Pennsylvania Department of Health, Division of Nursing Care Facilities, Norristown Field Office; Gary Layman; Judith Folan; Samuel J. Trueblood, Esq.; Trueblood & Amacher, L.L.P.

James D. Schneller, Appellant.

No. 07–1949.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 17, 2008.

Filed: April 22, 2008.

James D. Schneller, Radnor, PA, pro se.

Patricia A. Fecile–Moreland, Marks, O'Neill, O'Brien & Courtney, Doylestown,

PA, for Samuel Trueblood, Esq., Trueblood & Amacher.

Before: SCIRICA, Chief Judge, HARDIMAN and STAPLETON, Circuit Judges.

## OPINION OF THE COURT
## PER CURIAM.

James Schneller appeals *pro se* from the District Court's orders dismissing his complaint and denying him leave to file an amended complaint. We will vacate and remand for further proceedings.

### I.

Schneller has filed multiple state-court and federal complaints premised on the circumstances surrounding the death of his mother and the administration of his parents' estate. In the instant case, Schneller filed suit against, *inter alia*, various health care providers, alleging that they negligently or intentionally caused his mother's death. Also among the defendants are employees of the Pennsylvania Department of Health, who Schneller alleges conducted an inadequate investigation of his mother's condition and denied him due process during the course of that investigation. Schneller's complaint purports to state claims under 42 U.S.C. § 1983 and a plethora of other federal statutes and regulations.[1]

Schneller moved for leave to proceed *in forma pauperis* ("IFP"). The District Court denied the motion by order entered April 19, 2006. In an accompanying mem-

orandum, the District Court wrote that it lacked subject matter jurisdiction because the parties were not diverse and Schneller had not alleged any federal cause of action. Schneller then moved for reconsideration and for leave to file an amended complaint, as well as for leave to appeal IFP. By order entered May 9, 2006, the District Court denied the IFP motion and dismissed the others. The court concluded its order with the sentence: "This case shall remain closed until the filing fee is paid." Schneller appealed the denial of leave to proceed IFP, and this Court, after granting him leave to proceed IFP on appeal, dismissed the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Schneller v. Fox Subacute at Clara Burke*, 201 Fed.Appx. 863 (3d Cir.2006). In our opinion, we limited our discussion to the IFP issue and concluded only that the District Court had not abused its discretion in denying leave to proceed IFP in light of Schneller's financial condition. *See id.* at 863–64. We did not address the issue of subject matter jurisdiction.

Schneller then re-filed his complaint in the District Court and paid the filing fee in full. Six days later, by order entered February 6, 2007, the District Court *sua sponte* dismissed the suit with prejudice. The District Court reasoned that its April 19 order had dismissed Schneller's complaint "for lack of subject matter jurisdiction, not for failure to pay the filing fee." The court also characterized the final statement in its May 9 order as "inadvertent."[2] Schneller again moved for recon-

---

1. Schneller filed his complaint *pro se*. He also purports to represent other persons and entities. Although Schneller is entitled to represent himself *pro se*, he "may not appear *pro se* in the cause of another person or entity." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.1997). *See also Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d

Cir.1991) (holding that non-lawyer proceeding *pro se* could not represent his children); 28 U.S.C. § 1654 (parties may proceed in federal court "personally or by counsel").

2. The District Court also directed the District Court Clerk to return Schneller's $350.00 filing fee. As noted in the order entered by the

sideration and for leave to amend his complaint. The court denied the motion by order entered March 2, 2007, and Schneller appeals from that order.[3]

## II.

■ In dismissing Schneller's complaint *sua sponte*, the District Court erred in two respects. First, the District Court dismissed the paid complaint on the basis of its initial April 19 order, which we implicitly construed as having merely denied Schneller leave to proceed IFP. As explained above, the District Court's subsequent May 9 order stated that "[t]his case shall remain closed until the filing fee is paid." Thus, on appeal, we addressed only the IFP issue, not the issue of subject matter jurisdiction. When Schneller then re-filed his complaint and paid the filing fee, the District Court should not have dismissed the paid complaint with prejudice on the basis of its April 19 order. "While we normally give great deference to a court's interpretation of its own orders, we cannot do so" under these circum-

stances. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir.2006).

■ Second, although district courts may dismiss paid complaints *sua sponte* where appropriate under Rule 12(b)(1) and Rule 12(b)(6), plaintiffs generally must be given notice and an opportunity to respond, and *pro se* plaintiffs generally must be given an opportunity to amend the complaint. *See Roman v. Jeffes*, 904 F.2d 192, 196 & n. 8 (3d Cir.1990) (discussing *sua sponte* dismissal for failure to state a claim); *Neiderhiser v. Borough of Berwick*, 840 F.2d 213, 216 n. 6 (3d Cir.1988) (discussing *sua sponte* dismissal for lack of subject matter jurisdiction).[4] The District Court provided Schneller with neither opportunity here.

We sympathize with the District Court's desire to weed out early in the litigation what it evidently viewed as a meritless complaint. These procedural shortcuts, however, require that we vacate and remand. As we explained in a different context in *Oatess:* "In ... acting without the opposing party's input, the district court bypasses our tradition of adversarial

---

Clerk of this Court on September 24, 2007, the District Court has since applied that $350.00 as a credit toward Schneller's fee for filing this appeal.

3. We have jurisdiction under 28 U.S.C. § 1291. Although the District Court phrased its dismissal in terms of subject matter jurisdiction, and thus presumably dismissed Schneller's complaint under Rule 12(b)(1), it did not explain the basis for its decision. Schneller expressly purports to state claims under numerous federal statutes and regulations. We note that the standard for determining whether those claims properly invoked the District Court's subject matter jurisdiction is different from the standard for determining whether they state claims upon which relief may be granted for Rule 12(b)(6) purposes. *See, e.g., Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1280 (3d Cir.1993) (explaining that "legal insufficiency of a federal claim gener-

ally does not eliminate the subject matter jurisdiction of a federal court" and contrasting the two standards). As explained below, we do not decide whether Schneller's purported federal claims withstand scrutiny under either standard.

4. The District Court docket does not reflect service of process on any of the defendants (although it reflects issuance of summonses to Schneller). Dismissal of Schneller's complaint before service of process would constitute a third respect in which the District Court erred. *See Oatess v. Sobolevitch*, 914 F.2d 428, 430–31 (3d Cir.1990) (so holding for dismissal under Rule 12(b)(6)); *Urbano v. Calissi*, 353 F.2d 196, 197 (3d Cir.1965) (so holding for dismissal for lack of jurisdiction). We also note that, because the District Court denied Schneller leave to proceed IFP, the screening provisions of 28 U.S.C. § 1915(e)(2) were not applicable.

proceedings.... [T]he court may appear to be conducting a private litigation with the plaintiff while the defendant sits on the sidelines. As a matter of law and policy, we think that inappropriate, especially when the plaintiff is proceeding *pro se.*" *Oatess,* 914 F.2d at 431.

The circumstances here implicate these same concerns. None of the defendants filed anything in the District Court, let alone anything raising specific challenges to Schneller's purported federal claims (and they have raised no such challenges on appeal). The District Court itself, after dismissing Schneller's complaint *sua sponte* without notice or an opportunity to respond, did not specify why it believed that Schneller's purported claims either failed as a matter of law or were insufficient to invoke the court's federal question jurisdiction. Moreover, our concerns in this regard are heightened by the District Court's erroneous dismissal of Schneller's paid complaint on the basis of what we construed as an order merely denying leave to proceed IFP. Under these circumstances, even if we were to review Schneller's purported federal claims *de novo* and conclude—for reasons never argued by any defendant and never articulated by the District Court—that they fail to state claims as a matter of law or fail to invoke federal question jurisdiction, we would be perpetuating the potential appearance of a "private litigation" with a *pro se* plaintiff against which we cautioned in *Oatess.*[5]

Accordingly, we will vacate the District Court's orders dismissing Schneller's complaint and denying him leave to file an amended complaint. On remand, the District Court is directed to grant Schneller leave to file an amended complaint, and to

conduct further proceedings consistent with this opinion. Because the District Court has applied Schneller's $350.00 filing fee as a credit toward Schneller's fee for filing this appeal, the District Court's acceptance for filing of any amended complaint that Schneller may seek to file is conditioned on Schneller's re-payment of the $350.00 District Court filing fee. Schneller's request for oral argument is denied.

---

[5]. We express no opinion on whether Schneller's original or proposed amended complaint actually states a claim upon which relief can be granted or is otherwise sufficient to invoke federal question jurisdiction under § 1983 or any of the other federal statutes on which he relies.