James D. SCHNELLER, Heirs and Beneficiaries of Marjorie C. Schneller, by James D. Schneller, Trustee Ad Litem; Estate of Marjorie Schneller, by and through James D. Schneller, Trustee Ad Litem; Marjorie Zitomer, Executrix of the Estate of Marjorie Schneller

v.

CROZER CHESTER MEDICAL CENTER d/b/a Taylor Hospital and Crozer Keystone Health System; Herman McGill, M.D.; Suburban Pulmonary Medicine, and Principals; Daniel Dupont, D.O.; E. Heffelfinger, D.O.; Gerald Meis, D.O.; Gurpreet Kochar, M.D.; Lalitha Gurijala, M.D.; T. Sergeant Pepper, Esq.; Richard Schneller; Hepburn, Wilcox, Hamilton & Putnam LLP

James D. Schneller, Appellant.

No. 07–2268.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 17, 2008.

Filed April 23, 2008.

James D. Schneller, Radnor, PA, pro se.

Before: SCIRICA, Chief Judge, HARDIMAN and STAPLETON, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

James Schneller appeals *pro se* from the District Court's order dismissing his

---

amended complaint. We will vacate and remand for further proceedings.

## I.

Schneller has filed numerous state and federal complaints premised on the circumstances surrounding the death of his mother and the administration of his parents' estate. In the instant case, Schneller filed suit against, *inter alia*, various health care providers, alleging that they negligently or intentionally caused his mother's death. He also named as defendants his brother, a lawyer and a law firm, alleging improprieties concerning his mother's living will, certain powers of attorney, and his parents' estate. Schneller alleges that certain defendants are state actors, and he purports to state claims under 42 U.S.C. § 1983 and a plethora of other federal statutes and regulations.[1]

Schneller moved for leave to proceed *in forma pauperis* ("IFP"). The District Court denied the motion by order entered February 27, 2006, then denied Schneller's motion for leave to file an amended IFP application by order entered March 31, 2006. Schneller then filed several other motions, including a renewed IFP application. By order entered April 19, 2006, the District Court denied Schneller's motions, dismissed his complaint, and ordered that the case be marked closed. In a memorandum accompanying the order, the District Court wrote that it lacked subject matter jurisdiction over Schneller's claims. Schneller then filed a motion for reconsideration and for leave to amend his complaint. The District Court denied that motion by order entered May 9, 2006. The court concluded that order with the sentence: "This case shall remain closed until the filing fee is paid."

Schneller appealed, and this Court, after granting him leave to proceed IFP on appeal, dismissed the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Schneller v. Crozer Chester Med. Ctr.,* 201 Fed.Appx. 862 (3d Cir.2006). In our opinion, we limited our discussion to the IFP issue and concluded only that the District Court had not abused its discretion in denying leave to proceed IFP in light of Schneller's financial condition. *See id.* at 862–63. We did not address the issue of subject matter jurisdiction.

Schneller then filed an amended complaint and paid part of the filing fee. By order entered March 27, 2007, the District Court *sua sponte* struck the amended complaint from the record and ordered the Clerk to mark the case closed for all purposes. In doing so, the court wrote that it had dismissed Schneller's original complaint for lack of subject matter jurisdiction, and relied on its prior orders, including its order of May 9. Schneller appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

The parties are referred to our opinion and judgment, entered contemporaneously herewith, in *Schneller v. Fox Subacute at Clara Burke, et al.,* —— Fed.Appx. ——, C.A. No. 07–1949, 2008 WL 1801091 (3rd Cir. April 22, 2008). In that appeal, we are vacating the District Court's *sua sponte* dismissal of a related complaint filed by Schneller, after he had paid the

---

1. Schneller filed his complaint *pro se.* He also purports to represent other persons and entities. Although Schneller is entitled to represent himself *pro se,* he "may not appear *pro se* in the cause of another person or entity." *Pridgen v. Andresen,* 113 F.3d 391, 393 (2d Cir.1997). *See also Osei–Afriyie v. Med. Coll. of Pa.,* 937 F.2d 876, 882–83 (3d Cir.1991) (holding that non-lawyer proceeding *pro se* could not represent his children); 28 U.S.C. § 1654 (parties may proceed in federal court "personally or by counsel").

District Court filing fee in full, because (1) the District Court dismissed the complaint with prejudice on the basis of a prior order that we construed as merely having denied Schneller leave to proceed IFP, and (2) the District Court dismissed the complaint without notice and without giving Schneller an opportunity to respond or amend his complaint. The same errors are present here, and we will vacate the District Court's March 27 order at issue here for the same reasons.

The only procedural distinction is that Schneller appears to have paid only a partial filing fee after filing his amended complaint in this case. (See March 12, 2007 District Court Docket Notation.) Thus, his amended complaint technically was never filed, *see Oatess v. Sobolevitch*, 914 F.2d 428, 429 n. 1 (3d Cir.1990), and the District Court could have determined merely that the partial filing fee failed to reopen the case in accordance with its May 9 order. On remand, the District Court is directed to enter an order setting a date certain by which Schneller is required to pay the filing fee in full. If Schneller does not pay the filing fee by that date, the District Court may dismiss the complaint without prejudice on that basis. If Schneller pays the filing fee, the District Court should proceed in accordance with our opinion issued in *Schneller v. Fox Subacute at Clara Burke, et al.*, C.A. No. 07–1949. Appellees' motion to file a supplemental appendix is granted. Schneller's motion to strike the supplemental appendix and stay this appeal, and his request for oral argument, are denied.