**James D. SCHNELLER, Heirs and Beneficiaries of Marjorie C. Schneller, by James D. Schneller, Trustee ad Litem; Estate of Marjorie Schneller, by and Through James D. Schneller, Trustee ad Litem; Marjorie Zitomer, Executrix of the Estate of Marjorie Schneller**

v.

**FOX SUBACUTE AT CLARA BURKE; Gary Drizin, M.D.; Debbie McCoy, R.N.; Marjorie Zitomer; G. Richard Schneller; T. Sergeant Pepper, Esq.;**

---

Hepburn, Wilcox, Hamilton & Putnam, L.L.P.; Pennsylvania Department of Aging, Pennsylvania Department of Health, Division of Nursing Care Facilities, Norristown Field Office; Gary Layman; Judith Folan; Samuel J. Trueblood, Esq.; Trueblood & Amacher, L.L.P.

James D. Schneller, Appellant.

No. 09–4577.

United States Court of Appeals, Third Circuit.

Submitted by the Clerk for Possible Dismissal for Lack of Jurisdiction or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 25, 2010.

Opinion filed: March 8, 2010.

James D. Schneller, Heirs and Beneficiaries of Marjorie C. Schneller, by James D. Schneller, Trustee ad Litem, Radnor, PA, pro se.

Estate of Marjorie Schneller, Radnor, PA, pro se.

Marjorie Zitomer, Executrix of the Estate of Marjorie Schneller, Radnor, PA, pro se.

Audrey J. Copeland, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, King of Prussia, PA, Mark Hermanovich, Esq., Kyle N. Thompson, Esq., Kilcoyne & Nesbitt, Plymouth Meeting, PA, Peter J. Hoffman, Esq., Eckert, Seamans, Cherin & Mellott, Barry N. Kramer, Esq., Office of Attorney General of Pennsylvania, Patricia A. Fecile–Moreland, Esq., Marks, O'Neill, O'Brien & Courtney, Philadelphia, PA, for Defendants–Appellees.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Appellant James D. Schneller, proceeding *pro se*, appeals from the District Court's dismissal of his action and denial of his post-judgment motions. For the reasons that follow, we will dismiss in part for lack of jurisdiction and otherwise summarily affirm the judgment of the District Court.

In 2006, Schneller filed a civil action against a number of defendants stemming from the death of his mother in 2002 and the subsequent administration of his parents' estate.[1] In an opinion and order entered on June 26, 2009, 2009 WL 1838354, the District Court dismissed all of his claims and order the case closed. On July 10, Schneller timely filed a motion for reconsideration which was denied on August 4, 2009. On August 11, Schneller filed a motion to "supplement the record," followed by a motion for sanctions and costs on September 2. The District Court entered two orders denying Schneller's post-judgment motions on September 8, 2009. On October 8, 2009, Schneller filed a six-page document entitled "Plaintiffs' Motion for Leave to Appeal In Forma Pauperis" which detailed the errors allegedly made by the District Court in dismissing Appellant's complaint and denying his post-judgment motions and requested leave to appeal *in forma pauperis*. The District Court granted him leave to appeal *in forma pauperis* on October 27, 2009, and Schneller filed a document entitled "Notice of Appeal" on December 2, 2009.[2]

■ Appellant seeks to appeal both the District Court's dismissal of his action and its denial of his post-judgment motions. The District Court's judgment dismissing the underlying action became final on August 4, 2009, when the District Court de-

---

**1.** Schneller filed his complaint *pro se*. In it, he purported to represent other persons and entities. As a *pro se* litigant, Schneller may not represent parties other than himself. *See Osei–Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir.1991) (holding that non-lawyer proceeding *pro se* could not represent his own children); 28 U.S.C. § 1654 (parties may proceed in federal court "personally or by counsel"). Accordingly, we will treat him as the sole Appellant in this appeal. *See also Schneller v. Fox Subacute at Clara Burke*, 317 Fed.Appx. 135, 137 n. 1 (3d Cir.2008).

**2.** The document was dated November 6, 2009, but file-stamped December 2, 2009. In his response, Appellant argues that it was filed on November 10, 2009, but does not provide any support for this assertion. As we explain herein, whichever of these dates we use, the notice of appeal was untimely filed with respect to the dismissal of the action and denial of reconsideration.

nied Appellant's timely-filed motion for reconsideration.[3] *See* 28 U.S.C. § 1291 (vesting jurisdiction in courts of appeals over "final decisions" of the district courts); *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 199–200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) (holding that a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment, and that a question remaining to be decided after entry of such a decision does not affect its finality). Because Schneller failed to file a notice of appeal within thirty days of entry of that order, we lack jurisdiction over the District Court's June 26, 2009 opinion and order dismissing his action and its August 4, 2009 order denying his motion for reconsideration. *See* Fed. R.App. P. 4(a)(1); *Bowles v. Russell,* 551 U.S. 205, 213, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (holding that the timely filing of a notice of appeal is a jurisdictional requirement).

However, the District Court's September 8, 2009 denials of Appellant's post-judgment motions are separately appealable. *See Pennsylvania v. Flaherty,* 983 F.2d 1267, 1276 (3d Cir.1993) ("Post-judgment orders are final for purposes of § 1291 and immediately appealable because the policy against piecemeal review is unlikely to be undermined."). On October 8, 2009, Appellant filed a document entitled "Plaintiffs' Motion for Leave to Appeal In Forma Pauperis" which specified those orders he wished to appeal, the grounds he wished to appeal them on, and the court he wished to appeal them to. The District Court should have treated

this document as a notice of appeal. *See* Fed. R.App. P. 3(c)(1); *Masquerade Novelty v. Unique Indus.,* 912 F.2d 663, 665 (3d Cir.1990) (explaining that "a party will be deemed to have complied with Rule 3(c) if it has, within the time provided to file an appeal, filed documents that 'specify the party or parties taking the appeal; ... the judgment, order or part thereof appealed from; and ... the court to which the appeal is taken' "). Because this document was timely-filed with respect to the District Court's denial of Appellant's motions to supplement the record and for sanctions, we have jurisdiction to consider his appeal from those orders. *See* Fed. R.App. P. 4(a)(1); *Flaherty,* 983 F.2d at 1276.

■ In his motion to supplement the record, Schneller argued that he should have been permitted more time in which to respond to Appellees' oppositions to his motion for reconsideration. Schneller relied on Rule 15(a) which, at the time he filed his motion, allowed a party 20 days in which to amend a pleading as a matter of course. *See* former Fed.R.Civ.P. 15(a) (amendment effective Dec. 1, 2009). A Rule 59(e) motion for reconsideration, however, is not a pleading. *See* Fed. R.Civ.P. 7(a). And, as Schneller appears to recognize, Judge Stengel's procedures do not permit reply briefs to be filed as a matter of course, but only when leave to file them has been requested and granted. Thus, the District Court was under no obligation to permit Schneller to file a reply. Furthermore, there is no reason to believe Schneller's reply to Appellees' op-

---

**3.** Because the motion for reconsideration was filed within ten business days of the District Court's entry of judgment, the time to file a notice of appeal from the June 26, 2009 dismissal was tolled until the District Court denied the motion for reconsideration on August 4, 2009. *See* former Fed.R.Civ.P. 59(e)

(amendment effective Dec. 1, 2009). Appellant's subsequent motions to supplement the record and for sanctions do not fall within the subset of post-judgment motions which toll the time for filing a notice of appeal. *See* Fed. R.App. P. 4(a)(4)(A).

positions would have affected the District Court's decision. Schneller attached his proposed reply to his motion to supplement the record. Neither his original motion for reconsideration nor his proposed reply set forth any basis on which a motion for reconsideration could have been granted by the District Court.[4]

▮ In his motion for sanctions and costs, Schneller argued that, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, Appellees should be sanctioned for filing frivolous and vexatious motions and pleadings for the purpose of causing unnecessary delay and increasing the cost of the litigation. While Schneller set forth the facts and legal arguments made by Appellees that he disagreed with, he did not provide any basis from which the District Court could have concluded that Appellees alleged those facts or made those arguments "for an improper purpose" or with the intent of "misleading the court." Schneller's motion for sanctions was not the proper vehicle for challenging these assertions and arguments—appeal was. Because Schneller failed to timely appeal from the District Court's dismissal of his action and denial of his motion for reconsideration, we cannot consider these arguments at the present time.

Because Schneller's appeal presents no substantial question, we will summarily affirm the orders of the District Court denying the requested relief. See 3d Cir. LAR 27.4; I.O.P. 10.6. Schneller's appeal from

the District Court's dismissal of his action and denial of his motion for reconsideration is dismissed for lack of appellate jurisdiction. See Fed. R.App. P. 4(a)(1); Bowles, 551 U.S. at 213, 127 S.Ct. 2360.

---

4. In his motion for reconsideration, Schneller recognized that motions for reconsideration are sparingly granted and require either the presence of new evidence not previously available, an intervening change in the controlling law, or the need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). Nonetheless, his motion failed to allege that any of those circumstances were

present. Rather, it speculated that the District Court "may have" misapprehended facts or misapplied law and that it "may have" erred in reaching certain conclusions, but did not present any specific legal issue which was clearly incorrectly decided or point to any new evidence or intervening change in the case law that would have supported reconsideration. Nor did his proposed reply satisfy any of these criteria.