OPINION
PER CURIAM.
Appellant James D. Sehneller, proceeding pro se, appeals from the District Court’s dismissal of his action and denial of his post-judgment motions. For the reasons that follow, we will dismiss in part for lack of jurisdiction and otherwise summarily affirm the judgment of the District Court.
Sehneller initiated the underlying civil action in the United States District Court for the Eastern District of Pennsylvania in 2008.[1] In it, he primarily alleged that defendants committed medical and legal malpractice in rendering negligent services to his parents at the ends of their lives. By opinion and order entered on June 26, 2009, the District Court dismissed all of his claims and ordered the case closed. On July 10, Sehneller timely filed a motion for reconsideration which was denied on August 6, 2009. On August 11, Sehneller filed a motion to “supplement the record,” followed by a motion for sanctions and costs on September 1. The District Court denied Schneller’s motion to supplement the record on September 4, 2009, and denied his motion for sanctions and costs on September 9, 2009. On October 8, 2009, Sehneller filed a six-page document entitled “Plaintiffs’ Motion for Leave to Appeal In Forma Pauperis” which detailed the errors allegedly made by the District Court in dismissing Appellant’s complaint and denying his post-judgment motions and requested leave to appeal in forma pauperis. The District Court granted him *300 leave to appeal informa pauperis on October 27, 2009, and Sehneller filed a document entitled “Notice of Appeal” on November 10, 2009.
Appellant seeks to appeal both the District Court’s dismissal of his action and its denial of his post-judgment motions. The District Court’s judgment dismissing the underlying action became final on August 6, 2009, when the District Court denied Appellant’s timely-filed motion for reconsideration.[2] See 28 U.S.C. § 1291 (vesting jurisdiction in courts of appeals over “final decisions” of the district courts); Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) (holding that a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment, and that a question remaining to be decided after entry of such a decision does not affect its finality). Because Sehneller failed to file a notice of appeal within thirty days of entry of that order, we lack jurisdiction over the District Court’s June 26, 2009 opinion and order dismissing his action and its August 6, 2009 order denying his motion for reconsideration. See Fed. R.App. P. 4(a)(1); Bowles v. Russell, 551 U.S. 205, 213, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (holding that the timely filing of a notice of appeal is a jurisdictional requirement).
The District Court’s denials of Appellant’s post-judgment motions are separately appealable. See Pennsylvania v. Flaherty, 983 F.2d 1267, 1276 (3d Cir.1993) (“Post-judgment orders are final for purposes of § 1291 and immediately appeal-able because the policy against piecemeal review is unlikely to be undermined.”). The Court denied Schneller’s motion to supplement the record by order entered September 4, 2009. Because he failed to file a notice of appeal within thirty days of that denial, we also lack jurisdiction over his appeal with respect to that order. See Fed. R.App. P. 4(a)(1); Bowles, 551 U.S. at 213, 127 S.Ct. 2360. However, Schneller’s motion for sanctions was not denied until September 9, 2009. On October 8, 2009, Sehneller filed a document entitled “Plaintiffs’ Motion for Leave to Appeal In Forma Pauperis” which specified those orders he wished to appeal, the grounds he wished to appeal them on, and the court he wished to appeal them to. The District Court should have treated this document as a notice of appeal. See Fed. R.App. P. 3(c)(1); Masquerade Novelty, Inc. v. Unique Indus., Inc., 912 F.2d 663, 665 (3d Cir.1990) (explaining that “a party will be deemed to have complied with Rule 3(c) if it has, within the time provided to file an appeal, filed documents that ‘specify the party or parties taking the appeal; ... the judgment, order or part thereof appealed from; and ... the court to which the appeal is taken’ ”). Because this document was timely-filed with respect to the District Court’s denial of Appellant’s motions for sanctions, we retain jurisdiction over his appeal from that order. See Fed. R.App. P. 4(a)(1); Flaherty, 983 F.2d at 1276.
In his motion for sanctions and costs, Sehneller argued that pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, Appellees should be sanctioned for filing frivolous and vexatious motions and pleadings for the purpose of causing unnecessary delay and increasing the cost of the litigation. While Sehneller set forth *301 the facts and legal arguments made by Appellees that he disagreed with, he did not provide any basis from which the District Court could have concluded that Ap-pellees alleged those facts or made those arguments “for an improper purpose” or with the intent of “misleading the court.” Schneller’s motion for sanctions was not the proper vehicle for challenging these assertions and arguments — appeal was. Because Schneller failed to timely appeal from the District Court’s dismissal of his action and denial of his motion for reconsideration, we cannot consider these arguments at the present time.
Because Schneller’s appeal presents no substantial question, we will summarily affirm the orders of the District Court denying the requested relief. See 3d Cir. LAR 27.4; I.O.P. 10.6. Schneller’s appeal from the District Court’s dismissal of his action, denial of his motion for reconsideration, and denial of his motion to supplement the record is dismissed for lack of appellate jurisdiction. See Fed. R.App. P. 4(a)(1); Bowles, 551 U.S. at 213, 127 S.Ct. 2360.

. Sehneller filed his complaint pro se. In it, he purported to represent other persons and entities. As a pro se litigant, Sehneller may not represent parties other than himself. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir.1991) (holding that non-lawyer proceeding pro se could not represent his own children); 28 U.S.C. § 1654 (parties may proceed in federal court "personally or by counsel”). Accordingly, we will treat him as the sole Appellant in this appeal. See also Schneller v. Fox Subacute at Clara Burke, 317 F. App’x 135, 137 n. 1 (3d Cir.2008).

. Because the motion for reconsideration was filed within ten business days of the District Court's entry of judgment, the time to file a notice of appeal from the June 26, 2009 dismissal was tolled until the District Court denied the motion for reconsideration on August 4, 2009. See former Fed.R.Civ.P. 59(e) (amendment effective Dec. 1, 2009). Appellant's subsequent motions to supplement the record and for sanctions do not fall within the subset of post-judgment motions which toll the time for filing a notice of appeal. See Fed. R.App. P. 4(a)(4)(A).