**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3855

JAMES D. SCHNELLER, HEIRS AND BENEFICIARIES OF
MARJORIE C. SCHNELLER, BY JAMES D. SCHNELLER,
TRUSTEE AD LITEM; ESTATE OF MARJORIE SCHNELLER,
BY AND THROUGH JAMES D. SCHNELLER, TRUSTEE AD LITEM;
MARJORIE ZITOMER, EXECUTRIX OF THE ESTATE
OF MARJORIE SCHNELLER; ESTATE OF GEORGE H. SCHNELLER,
BY AND THROUGH PERSONAL REPRESENTATIVE JAMES D. SCHNELLER

v.

CROZER CHESTER MEDICAL CENTER,
d/b/a TAYLOR HOSPITAL AND CROZER
KEYSTONE HEALTH SYSTEM;
SUBURBAN PULMONARY MEDICINE AND PRINCIPALS;
DANIEL DUPONT, D.O.; E. HEFFELFINGER, D.O.;
GERALD MEIS, D.O.; GURPREET KOCHAR, M.D.;
LALITHA GURIJALA, M.D.; MARJORIE ZITOMER;
G. RICHARD SCHNELLER; T. SERGEANT PEPPER, ESQ.;
HERMAN MCGILL, M.D.; HEPBURN, WILCOX, HAMILTON & PUTNAM, LLP

James D. Schneller, Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action Nos. 2-06-cv-00698 and 2-08-cv-01479)
District Judge: Honorable Lawrence F. Stengel

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2010

Before: BARRY, AMBRO and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 20, 2010)

---

OPINION

---

PER CURIAM

Pro se appellant James Schneller appeals from an order of the District Court dismissing his complaint for lack of subject matter jurisdiction. For the following reasons we will affirm the judgment of the District Court.

I.

In February 2006, Schneller filed a pro se action against, inter alia, various health care institutions and providers, his brother, a lawyer, and a law firm, alleging violations of his civil rights, breach of contract, negligence, malpractice, and violations of various state and federal statutes in connection with his mother's death in 2002. See Civil Action E.D. Pa. No. 06-00698. The District Court dismissed the action based on lack of jurisdiction before service was perfected, but we vacated the dismissal on the ground that Schneller should have been given an opportunity to amend his complaint. Schneller et al. v. Crozer Chester Medical Center, 276 F. App'x. 169, 171 (3d Cir. 2008). Rather than amend the complaint, Schneller initiated a wholly new case with an identical complaint. See Civil Action No. 09-1479. The defendants filed motions to dismiss in the latter case; the District Court construed them as applying to both cases. The District Court granted the defendants' motions and dismissed both complaints for lack of subject matter jurisdiction. Schneller filed a motion for reconsideration, which the District Court denied by order entered June 26, 2009. On July 27, 2009, Schneller filed a motion for leave to appeal in

2

forma pauperis. The motion was granted on August 3, 2009, and on September 29, 2009, Schneller filed a notice of appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291.[1] When reviewing an order dismissing a claim for lack of subject matter jurisdiction, we exercise plenary review over legal conclusions and review findings of fact for clear error. See White-Squire v. United States Postal Service, 592 F.3d 453, 456 (3d Cir. 2010). We may affirm the District Court on any grounds supported by the record. Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009).

## III.

Federal courts have limited jurisdiction, and they may only decide cases as authorized by Congress or the Constitution. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must show that there is complete diversity of

---

[1] Certain of the appellees argue that we do not have jurisdiction over this appeal because Schneller's notice of appeal was untimely filed. A notice of appeal in a civil case "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). This 30-day limit is mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 209-10 (2007). The order Schneller seeks to appeal was entered June 26, 2009. Schneller's motion for leave to appeal in forma pauperis, which we construe as a notice of appeal, was filed July 27, 2009, 31 days later. See L.A.R. 3.4 ("The court will deem an application for leave to appeal in forma pauperis . . . to be a notice of appeal if no formal notice has been filed."). However, Schneller's appeal was timely filed because the thirtieth day fell on a Sunday, and Schneller's notice of appeal was filed on Monday, the next business day. See Fed. R. App. P. 26(a)(1)(3).

citizenship among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The District Court found no basis for diversity jurisdiction because Schneller and eleven of the defendants were residents of Pennsylvania. Id.; see Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) ("[J]urisdiction [under § 1332] is lacking if any plaintiff and any defendant are citizens of the same state."). Schneller has provided no argument or evidence to suggest otherwise. See Packard v. Provident Nat. Bank, 994 F.2d 1039, 1045 (3d Cir. 1993) ("The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation."). Accordingly, we agree with the District Court that it lacked diversity jurisdiction.

We also agree with the District Court that the Assisted Suicide Funding Restriction Act of 1997 (the "Act"), 42 U.S.C. § 14401, et seq., does not provide a basis for federal question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises where federal law creates the cause of action, or where the complaint, on its face, poses a federal question. Club Comanche, Inc., v. Gov't of Virgin Islands, 278 F.3d 250, 259 (3d Cir. 2002). "The question whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction." Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 15 (1979). Thus, "what must ultimately be determined is whether Congress intended to create the private remedy asserted." Id. at 15-16. The stated purpose of the Act is "to continue current Federal policy by providing explicitly that federal funds may not be used to pay for items and services (including

4

assistance) the purpose of which is to cause (or assist in causing) the suicide, euthanasia, or mercy killing of any individual." 42 U.S.C. § 14401(b). Schneller claims that certain of the appellees misapplied funds appropriated by Congress, in violation of the Act, for the purpose of assisting in causing the death of his mother by euthanasia, mercy killing and assisted suicide. Even if Schneller's claims had a basis in fact, there is nothing in the structure or language of the Act "either expressly or by implication," that shows any intent by Congress to establish a private cause of action. Transamerica Mortgage Advisors, 444 U.S. at 15.

On appeal, Schneller argues that the District Court overlooked as a basis for federal question jurisdiction his claims under the Comprehensive Drug Abuse Prevention and Control Act, 21 U.S.C. § 801, et seq., and claims based on statutes enacted by Congress regarding medical care and nursing care, including Medical Requirements for Skilled Nursing Facilities, 42 C.F.R. § 483.10 et seq.. The Comprehensive Drug Abuse Prevention and Control Act is a statute enforceable only by the Attorney General and, by delegation, the Department of Justice. See 21 U.S.C. § 871. There is no basis for civil liability arising out of this statute. Schneller's claims under 42 C.F.R. §§ 483.10, 483.13, 483.15, and 483.25 do not provide a basis for jurisdiction pursuant to § 1331 because they merely set forth the requirements that a facility must meet in order to qualify to participate in Medicare and Medicaid; they do not confer a private cause of action. Schneller's argument that his state law claims based on negligence per se somehow support a finding of federal question jurisdiction "in a cumulative respect" is

5

unpersuasive and unsupported by law. (Appellant's Brief 14.)

Schneller's civil rights claims under 42 U.S.C. §§ 1983, 1985, and 1986 do contemplate a private cause of action and therefore confer subject matter jurisdiction on the court; however, we agree with the District Court that his § 1983 claim fails because Schneller failed to demonstrate that the alleged violations were committed by a person acting under color of state law. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). In his brief on appeal, Schneller concedes that "there are no state actors of any clearly defined sort in this action," but continues to press his argument that the private hospital appellees are state actors because they receive public monies and tax benefits, they are subject to state and federal regulation, and their actions are "so entwined with governmental policies . . . as to become state action within the Civil Rights Act." (Appellant's Brief 22.) This argument has been considered and repeatedly rejected by the Supreme Court in similar cases. See Blum v. Yaretsky, 457 U.S. 991, 1010-11 (1982) (rejecting the argument that state subsidization of a private nursing home facility combined with the state licensing and regulation, converted acts of the homes into state action); Rendell-Baker v. Kohn, 457 U.S. 830, 840 (1982) (finding that a civil rights action by former teachers against a private school failed for lack of "state action," even where "virtually all of the school's income was derived from government funding"); see

also Hodge v. Paoli Memorial Hospital, 576 F.2d 563 (3d Cir. 1978). We agree with the District Court that Schneller has not demonstrated that "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974).

Schneller argues that the District Court should not have dismissed his complaint without giving him the opportunity to amend the allegations in his § 1983 claims. If a complaint is vulnerable to dismissal for failure to state a claim, a district court must first permit the plaintiff a curative amendment, unless amendment would be "inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). We agree with the District Court's conclusions concerning Schneller's § 1983 claims. Because Schneller could not present additional information that would transform his allegations into viable claims, we conclude that amendment would be futile and thus will affirm the District Court's judgment as to these claims.

Schneller also argues that the District Court ignored his claims under § 1985 and § 1986. Schneller's § 1985 claim could not survive dismissal because he has not set out sufficient facts to show that a racial or other class-based invidious discriminatory animus lay behind the appellees' alleged actions and that the alleged coconspirators "intended to deprive the victim of a right guaranteed by the Constitution against private impairment." Brown v. Philly Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001). Schneller cannot state a § 1986 claim because a § 1985 violation is a pre-requisite. 42 U.S.C. § 1986. Because

7

Schneller's federal claims were all dismissed, the District Court did not abuse its discretion by refusing to exercise supplemental jurisdiction over Schneller's state law claims. See 28 U.S.C. § 1367(c)(3). In any event, even if Schneller otherwise stated a claim under §§ 1983, 1985 or 1986, we agree with the District Court that these claims and the majority of Schneller's state law claims are barred by the governing two-year statute of limitations.[2] See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (holding that actions arising under §§ 1983, 1985 and 1986 are subject to the statute of limitations prescribed for personal injury actions in the state in which the relevant events occurred); 42 Pa. C.S.A. § 5524(2), (7) (providing that personal injury, negligence, and intentional tort actions in Pennsylvania must be commenced within two years).[3]

We also agree that 42 Pa. C.S. § 5535 does not provide a basis for jurisdiction in this case because it specifically excludes actions for damages "for injury to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another." 42 Pa. C.S. § 5535(2).

---

[2] The only claims not barred by the statute of limitations were Schneller's breach of contract claims, over which the District Court declined to exercise supplemental jurisdiction.

[3] Because Schneller's claims were properly dismissed for lack of jurisdiction or failure to state a claim, we disagree with Schneller that it was an abuse of discretion for the District Court to dismiss all claims against all defendants, including Gurpreet Kochar, who had not filed a motion to dismiss. (Appellant's Brief 17.)

8

IV.

Finding unpersuasive any of Schneller's arguments, we will affirm the decision of the District Court.  The parties' outstanding motions are denied.