CLD-245

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1681

_____

JAMES D. SCHNELLER, HEIRS AND BENEFICIARIES OF
MARJORIE C. SCHNELLER; ESTATE OF MARJORIE C. SCHNELLER;
ESTATE OF GEORGE H. SCHNELLER,
Appellants

v.

ABLE HOME CARE, INC.; MARIANNE LILIENTHAL;
HOLLY NELSON; JANE DOE 1

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-05747)
District Judge: Honorable Lawrence F. Stengel

_____

Submitted by the Clerk for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 15, 2010
Before: BARRY, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: July 26, 2010)

_____

OPINION

_____

PER CURIAM

Appellant James D. Schneller, proceeding pro se, appeals from the District Court's dismissal of his action. For the reasons that follow, we will summarily affirm the judgment of the District Court.

On December 2, 2009, Schneller filed a motion to proceed in forma pauperis ("IFP") in the United States District Court for the Eastern District of Pennsylvania. His motion was assigned to District Judge Lawrence Stengel, who has presided over a number of lawsuits filed by Schneller on behalf of himself and the heirs and beneficiaries of Marjorie Schneller, among others. According to Judge Stengel, attached to the motion to proceed IFP was a proposed complaint identical to a complaint filed against the same parties in early 2008.[1] See Civ. No. 08-cv-01003 (E.D. Pa.). Schneller's previous complaint alleged that on June 27, 2001, defendants conspired to cause harm to and infringed upon the constitutional rights of Marjorie Schneller, his now-deceased mother. Schneller named as plaintiffs himself, the heirs and beneficiaries of Marjorie C. Schneller, and the estates of his deceased parents, Marjorie and George Schneller.

In the prior action, Civ. No. 08-cv-01003 (E.D. Pa.), Schneller filed a motion to

_____

[1]The proposed complaint in this case was never filed by the District Court and, therefore, is not available electronically. The IFP motion identifies Able Home Care, Inc., Marianne Lilienthal, Holly Nelson, and Jane Doe 1 as defendants in the proposed civil action. These are the same defendants named in Schneller's prior complaint. Because Schneller does not dispute the District Court's characterization of the complaint as identical to the one he previously filed in 2008, we will assume that it is.

2

proceed IFP and a proposed complaint. The District Court denied Schneller's motion to proceed IFP and noted without elaboration that "a preliminary review of plaintiff's complaint shows that this Court lacks jurisdiction over any of his claims." The Court ordered that the case be marked statistically closed. Schneller subsequently paid the filing fee of $350.00 in the prior case and sought to proceed, but the District Court noted that it had already dismissed the case and Schneller had failed to appeal. Several months later, Schneller filed a motion for leave to proceed IFP on appeal, which the District Court denied, concluding that Schneller could afford to pay the filing fee. We then granted Schneller leave to appeal without paying the filing fee and, in July 2009, dismissed his appeal from the District Court's denial of his motion to proceed IFP on appeal pursuant to Fed. R. App. P. 24. It appears that Schneller has attempted to resurrect his prior action by filing his motion to proceed IFP and proposed complaint in the instant action.

On December 14, 2009, the District Court issued an order denying Schneller's motion to proceed IFP and dismissing the case in its entirety. In doing so, the Court held that it had dismissed Schneller's prior action for lack of subject matter jurisdiction, as there were no state actors involved, and that, even if the claims were properly before the Court, they would be time-barred. Schneller timely filed a motion for reconsideration, arguing that the Court had both federal question and diversity jurisdiction over his complaint and that the statute of limitations should be tolled under 42 Pa. Cons. Stat. Ann. § 5532. He did not offer any factual basis for these arguments. He also maintained

3

that Judge Stengel should have disqualified himself given his history of denying Schneller's IFP motions and dismissing his claims. The District Court denied his motions and Schneller timely appealed.[2]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We may take summary action when we conclude that an appeal presents no "substantial question." See 3d Cir. LAR 27.4 & I.O.P. 10.6.

We have previously explained that as a pro se litigant, Schneller may not represent parties other than himself. See Schneller v. Prospect Park Nursing & Rehab. Ctr., 2010 WL 763642, at *1 n.1 (3d Cir. Mar. 8, 2010); Schneller v. Fox Subacute at Clara Burke, 2010 WL 763624, at *1 n.1 (3d Cir. Mar. 8, 2010); Schneller v. Crozer Chester Med. Ctr., 276 F. App'x 169, 170 n.1 (3d Cir. 2008); Schneller v. Fox Subacute at Clara Burke, 317 F. App'x 135, 137 n.1 (3d Cir. 2008); see also Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that non-lawyer proceeding pro se could not represent his own children); 28 U.S.C. § 1654 (parties may proceed in federal court "personally or by counsel"). Accordingly, we will treat Schneller as the sole Appellant in this appeal.

Much of the confusion in this case stems from the District Court's failure to follow the proper procedure in this and other cases filed by Schneller. As we have previously explained, motions to proceed IFP must be assessed in a two-step process. "First, the

---

[2]The District Court granted Schneller leave to proceed IFP on appeal.

district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990) (citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir. 1976)). In this case, as in Civil No. 08-cv-01003, the District Court denied Schneller's motion to proceed IFP, presumably based on his financial situation, but then proceeded to discuss the merits of his complaint. When a district court denies leave to proceed IFP, however, the complaint is not before the court. Because the District Court here reached the merits of his complaint, we will construe its December 14, 2009 order as granting Schneller leave to proceed IFP and dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B).

We have also held that a district court ought not dismiss a pro se complaint without allowing the plaintiff leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (explaining that plaintiffs proceeding IFP "who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); Oatess v. Sobolevitch, 914 F.2d 428, 430 n.5 (3d Cir. 1990) ("We have observed that a district court might, sua sponte, raise the issue of the deficiency of a complaint under Rule 12(b)(6), so long as the plaintiff is accorded an opportunity to respond."). While the District Court did not follow these precepts, Schneller has had, and has taken, several opportunities to respond to the District Court's order of dismissal. None of his responses has revealed any flaw with the District Court's

5

reasoning that it lacked subject matter jurisdiction over his complaint. We will therefore summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.